## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 03-1289 |
| | ) | |
| TWO MILLION SEVEN HUNDRED SIXTY-SEVEN THOUSAND TWO HUNDRED AND TWO DOLLARS AND TWENTY-SEVEN CENTS ($2,767,202.27) IN U.S. CURRENCY | ) ) ) ) ) ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

Before the Court is Howard Jachter's, Trustee for Triunity S.A. and Triunity, ("Jachter") Motion to Dismiss the Claims of Herbert Mark Blair, Jr., Michael Keenan, Pyramod International, Inc., Herbert H. Stam, Lee Wasserwald, and Arthur Zweig, and the Government's Motion to Strike the Claim of Lee Wasserwald. The Court has issued two previous orders with respect to Jachter's Motion. (*See* docket entries #216 and #235.) The only remaining pending claim in the motion is Jachter's Motion to Dismiss the claim of Lee Wasserwald. For the reasons that follow, the Government's Motion to Strike Wasserwald's claim [#229] is GRANTED and Jachter's Motion to Dismiss the claim of Lee Wasserwald [#198] is MOOT.

The background for this order was previously described in the Court's Orders dated June 22, 2006 and July 11, 2006. Suffice it to say that Lee Wasserwald has filed a claim and answer in this case in an attempt to recover an investment that was made with Leslie Strong and

associates.  The Government now moves to strike Wasserwald's claim because they claim that Wasserwald does not have standing to bring the claim.  The Government argues that Wasserwald, acting as the Trustor, created the Lee Wood Financial Trust (the "Trust") and the Trust, not Wasserwald, was the entity that made the investment with Leslie Strong.  The Government cites the Trust Agreement, which created the Trust, as support for its argument.  The Trust Agreement states:

> The Trustor hereby declares that this Trust is and shall be irrevocable and that, after the execution of this Trust, Trustor shall have no rights, title, or interest in, or power, privilege, or incident of ownership in regard to any of the property in this Trust and no right to alter, amend, revoke, or terminate this Trust or any of its provisions.

(Docket Entry #229, Exhibit A, at 3.)  Wasserwald argues, in response to the Government's motion, that he has standing to bring this claim because it was his money that was used for the investment.  Wasserwald concedes that any money that is recovered as a result of his claim would go to the Trust and not to him as the Trustor.

After reviewing the Trust Agreement, the Court finds that Wasserwald lacks standing to bring a claim on behalf of the Trust.  The creation of a Trust provides a Trustor with certain legal and tax consequences; however, in return, the Trustor gives up certain rights.  Those rights are outlined in the Trust Agreement.  Here, Wasserwald created the Trust and presumably reaped the benefits of doing so.  In the process, he gave up certain rights and one of those rights was the right to bring a claim on behalf of the Trust.  Once the irrevocable Trust was created, Wasserwald no longer had any "rights, title, or interest in, or power, privilege, or incident of ownership in regard to any of the property in this Trust."  Accordingly, as the investment, which is the subject of this claim was made by the Trust, Wasserwald no longer has any right to file a claim for the return of any money.  Accordingly, Wasserwald lacks standing to bring this claim

and the Government's Motion to Strike the claim is granted. Moreover, because Wasserwald lacks standing to bring this claim, the Court finds no need to address whether the claim was timely and Jachter's Motion to Dismiss the claim is therefore moot.

## CONCLUSION

For the reasons set forth above, the Government's Motion to Strike Wasserwald's claim is GRANTED and therefore Jachter's Motion to Dismiss Wasserwald's claim is MOOT.

ENTERED this 13th day of July, 2006.

s/Michael M. Mihm<br>
Michael M. Mihm<br>
United States District Judge